Battle, J.
 

 The only questions raised upon the trial, relate to ■to the admission and rejection of testimony:
 

 1st. Both parties claimed under Solomon Earnhart, sr., the father of the defendant; the lessor of the plaintiff, as a purchaser at sheriff’s sale, under a judgment and execution; the defendant as tenant to his brother, Solomon Earnhart, jr., who was alleged to be a purchaser by deed, dated in 1844, from his brother John M. Earnhart, who claimed under a deed, dated in 1848, from his father, the said Solomon, the elder. Both these deeds were prior to the time when the plaintiff’s lessor acquired
 
 *504
 
 title; but be contended that Solomon, tbe elder, was tbe actual occupant of tbe land in question, and that tbe defendant was bis tenant, and could not set up any other title as against tbe lessor, and he introduced testimony, tending to show such tenancy. To rebut this proof, the defendant alleged that be was the tenant, not of bis father, but of his brother, Solomon, tbe younger, and offered tbe deeds above mentioned, to show bis brother Solomon’s title, together with testimony tending to show bis tenancy under bis said brother. Tbe deeds and other testimony were objected to, but were, as we think, properly admitted by tbe Court, for "the purpose indicated. Tbe question of tenancy was certainly one of fact, which was to be ascertained before tbe rule of law, insisted upon by tbe lessors, could apply. The testimony introduced by tbe lessor, to show that tbe defendant was the tenant of bis father, could not conclude the defendant from introducing testimony to contradict it, and show that, in truth, he was not tbe tenant of his father, but of his brother. The deeds were certainly admissible, to show that his brother had the prior and preferable title from his father, under whom both parties claimed.
 

 2. The witness had undoubtedly a right to speak of the con- • tents of the note of $1200, without producing it, because he swore that he had paid it off, and destroyed it. Robards v. McLean, 8 Ired. Rep. 522.
 

 3. The testimony proposed to be offered by the lessor of the plaintiff, to show that Solomon Earnhart, sr., with the view to defraud his creditors, executed deeds to his sons, as they successively come of age, for different portions of his land, was inadmissible, for the reason that it does not appear that, at the time when they were executed, he had any creditors to be defrauded. The bill of exceptions does not set forth a single debt which Solomon Earnhart, the elder, owed at any time, except the one upon which the judgment and execution were obtained, under which the lessor purchased, and it no where appears when that was contracted.
 

 
 *505
 
 We can see nothing, therefore, to show that the Court was wrong in rejecting the evidence. Being unable to find any error in the record, we must affirm the judgment.
 

 Judgment affirmed.